**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**GEORGE JONES #1436799,**

       **Plaintiff,**

**-vs-**                **Case No.  A-08-CA-788-SS**

**SERGEANT ERIC RUIZ, ROBERT D.
PITTMON, SHANE BENNETT, VIVIANA
MARTINEZ, WILLIAM HUGHS, AND
ANGELICA DUMARAN, ,**

       **Defendants.**

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion for Summary Judgment ("Mot. SJ.") [#126], and pro se Plaintiff George Jones ("Jones")'s response ("Pl. Resp.") [#133] thereto; and the Second Report and Recommendation of United States Magistrate Judge Robert Pitman ("R&R") [#137], and Jones' objections [#140, 141] thereto.  Having reviewed the documents, the relevant case law, and the file as a whole, the Court now adopts the Magistrate Judge's recommendations.

Consequently, the Court DISMISSES WITHOUT PREJUDICE Jones' claims against Defendants in their official capacities; and GRANTS Defendants' motion for summary judgment with respect to all other claims, EXCEPT: (1) Jones' § 1983 excessive force claim against Defendant Ruiz in his individual capacity; and (2) Jones' § 1983 failure-to-protect claims against Defendants Bennett and Martinez in their individual capacities.  The Court DENIES Defendants' motion for summary judgment with respect to these claims and will set them for trial.  The Court further

DISMISSES WITHOUT PREJUDICE certain of Jones' purported "claims" that are not cognizable under § 1983.

## Background

The Magistrate Judge's report contains a comprehensive factual background which the Court hereby adopts by reference.  R&R at 2–4.  The Court recites only a brief summary of relevant facts here.

Jones, who was an inmate at Travis State Jail when he filed his original complaint, sued Defendant Ruiz under 42 U.S.C. § 1983 for the use of excessive force, in violation of Jones' Eighth Amendment rights.  Jones claimed Ruiz assaulted him because Jones was (falsely) accused of assaulting another corrections officer by throwing his hat at her.  Jones was allegedly handcuffed in a Lieutenant's office when he was assaulted by Ruiz, and Jones claims his back was injured as a result.  Jones asked for monetary damages and termination of Ruiz's employment.

Ruiz moved for summary judgment, arguing Eleventh Amendment sovereign immunity shielded him from suit in his official capacity, and the doctrine of qualified immunity shielded him from suit in his individual capacity.  The Magistrate Judge recommended [#52], and the Court agreed [#71], Ruiz's motion should be granted with respect to Ruiz's first argument, but denied as to the second.

In a subsequent order [#89], and in the face of Defendants' failure to respond to Jones' motions to amend, the Court granted Jones leave to amend his complaint by adding additional defendants and causes of action.  Adopting the unfortunately common "more is better" strategy, Jones added the following purported causes of action against Defendant Ruiz: (1) pain and suffering; (2) punitive damages; (3) conspiracy; (4) "excluding and omitting relevant documentation causing

injury"; (5) refusal of medical attention; (6) misfeasance; (7) slander; (8) negligence; (9) assault; (10) recklessness; (11) manipulating testimony; (12) terroristic threat; (13) defamation; (14) emotional distress; (15) falsifying testimony; and (16) mental stress.

Based on information supplied by Defendant Ruiz in affidavits supporting his motion for summary judgment, Jones also added the following new defendants and purported causes of action to his amended complaint:

Defendant Pittmon—§ 1983, denial of due process; manipulating an investigation; falsifying documents; deliberate indifference; prejudice; misfeasance; conspiracy; recklessness; negligence; emotional distress; and punitive damages. Jones appears to have added Defendant Pittmon based on the affidavit Pittmon filed in support of Defendant Ruiz's original motion for summary judgment. Jones alleged Pittmon's affidavit was false and represented a conspiracy to cover up Defendant Ruiz's wrongdoing.

Defendant Bennett—§ 1983, accomplice to assault and falsifying documents; conspiracy; recklessness; negligence; misfeasance; deliberate indifference; emotional distress; punitive damages; mental stress; and pain and suffering. Jones added Defendant Bennett for his alleged role in Jones' assault; specifically, Jones alleged Bennett restrained Jones (even though Jones was already in handcuffs) while Defendant Ruiz assaulted Jones.

Defendant Martinez—§ 1983, falsifying documents; conspiracy; defamation; manipulating testimony; emotional distress; slander; punitive damages; mental stress; and negligence. Jones added Defendant Martinez for her alleged role in Jones' assault; specifically, Jones alleged Martinez observed his assault and failed to intervene.

Defendant Hughes—§1983, denial of due process; falsifying documents; conspiracy; mental stress; defamation; emotional distress; slander; manipulating testimony; and punitive damages.  Like Defendant Pittmon, Defendant Hughes was added for his allegedly false affidavit and involvement in an alleged conspiracy to cover up Defendants' wrongdoing.

Defendant Dumaran—§ 1983, denial of due process; falsifying documents; conspiracy; defamation; emotional distress; mental stress; manipulating testimony; slander; and punitive damages.  Jones added Defendant Dumaran not only for her alleged involvement in the conspiracy to cover up wrongdoing, but also for making the allegedly false report of Jones' disciplinary infraction, which report apparently set the entire chain of events of this lawsuit in motion.[1]

Defendants filed a motion for summary judgment with respect to Jones' amended complaint, reiterating their previous sovereign and qualified immunity arguments, and further arguing Jones "failed to properly state a cause of action for conspiracy, negligence, slander and defamation against Defendants."  Mot. SJ at 14.

On September 2, 2010, United States Magistrate Judge Robert Pitman issued his Second Report and Recommendation.  The Magistrate Judge again recommended Defendants' motion be granted in part and denied in part.  Specifically, the Magistrate Judge recommended the Court dismiss without prejudice Jones' claims against Defendants in their official capacity on the basis of their Eleventh Amendment sovereign immunity. The Magistrate Judge further recommended the Court grant summary judgment in favor of Defendants on most of Jones' claims made against Defendants in their individual capacities.  The only claims the Magistrate Judge recommended for

---

[1] This Court's order [#89] of November 10, 2009 indicated the addition of an "unknown defendant."  Order [#89] at 2.  A review of Jones' handwritten amended pleadings [#84] suggests this may have been an error.  In any case, as the Magistrate Judge noted, any claims against any unknown defendant fail for lack of service and want of prosecution.

trial were Jones' individual-capacity claim against Defendant Ruiz for excessive force; and his individual-capacity claims against Defendants Bennett and Martinez for failure to protect.

Jones filed initial objections on September 23, 2010. Jones generally objected to "any and all claims denied" by the Magistrate Judge, and made several specific objections the Court addresses below. Objections [#140] at 1. Jones' amended objections, although signed three days after his initial objections, were also received and filed with the Court on September 23, 2010. Jones is entitled to de novo review of all issues to which he specifically objected. 28 U.S.C. § 636(b)(1). Review of all other issues is for plain error. *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985).

The Court agrees with the reasoning and conclusions of the Magistrate Judge; therefore, for the following reasons, the Court hereby ADOPTS the recommendations of the Magistrate Judge.

## Analysis

### I.    Defendants' Motion for Summary Judgment [#126]

### 1.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all

---

[2] Amendments effective December 1, 2010 changed Rule 56, moving language from 56(c) to 56(a), and changing the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." FED. R. CIV. P. 56.

inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

2.      **Eleven Amendment Sovereign Immunity**

The Eleventh Amendment, as construed by the United States Supreme Court, specifically excludes from the federal judiciary the power to hear cases brought by individuals against a State. U.S. CONST. amend. XI; *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990).  The immunity recognized by the Eleventh Amendment extends not only to the States themselves, but also to most actions against state agents and state instrumentalities.  *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).  When the action is essentially one for money damages against the State, even when it is nominally against individual officials, the State is entitled to invoke its immunity. *Id.*  Although a State may consent to suit, or Congress may abrogate a State's sovereign immunity by invoking its powers under section five of the Fourteenth Amendment, neither appears to be the case here.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 66–67 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.").  Therefore, as the Magistrate Judge noted, any claims for money damages Jones might assert against Defendants in their official capacities are barred by Texas' sovereign immunity.

However, "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law."  *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Ex parte Young*, 209 U.S. 123, 155–56 (1908).  In this case, Jones indicates he is seeking both injunctive and monetary relief.  However, Jones has neither identified a continuing violation of federal law by Defendants, nor clearly specified the injunctive relief he desires, although he indicates he wants Defendants relieved of their duties as guards.  For many reasons—including principles of federalism; the fact the Texas Department of Criminal Justice is not a party to this suit;

because the termination of a corrections officer is not "prospective relief designed to end a continuing violation of federal law," *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008); and Defendants' own due process rights—this Court cannot issue an injunction requiring Defendants to cease their employment as corrections officers.[3]  Put another way, termination of Defendants' employment is simply not a remedy available to Jones under 42 U.S.C. § 1983.

Jones' claims for monetary damages against the Defendants in their official capacities are barred by Texas' sovereign immunity, as recognized by the Eleventh Amendment.  Further, Jones fails to specify any specific, valid prospective equitable relief to which he is entitled.  Therefore, the Court DISMISSES WITHOUT PREJUDICE all of Jones' claims against Defendants in their official capacities.

**3.     Individual Capacity Claims**

**a.     Qualified Immunity**

Qualified immunity "shields Government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1945 (2009).  "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009)  The Supreme Court has articulated a two-part test for resolving government actors' claims of qualified immunity: a court must determine both (1)

---

[3] The Court is aware Jones claims misconduct by corrections officers is common and, in that sense, might be considered a "continuing" violation of federal law.  If such misconduct was sanctioned by an official policy, the Court would be within its equitable powers to enjoin the future enforcement of that policy.  However, courts do not issue injunctions to government officials requiring them generally to obey the Constitution.  If officials consistently fail to perform their duties within constitutional bounds, they may well deserve to be fired; but, for better or worse, that remedy is left to the good sense of government agencies, not this Court.

whether the plaintiff has sufficient alleged a violation of a constitutional right; and (2) whether that right was "clearly established" at the time of the actor's alleged misconduct. *Id.* at 815–16. With respect to the latter question, "a government actor is entitled to qualified immunity unless a reasonable official would have been on notice the conduct was unlawful." *Wernecke v. Garcia*, 591 F.3d 386, 393 (5th Cir. 2009). Although the Supreme Court once required these questions be answered in order, and doing so is still often advisable, courts have discretion to address either question first. *Id.* at 818.

**b.      Defendants Ruiz, Bennett, and Martinez – The Alleged Assault**

The Court need not spend much time discussing this claim. If Jones' version of the alleged assault is true, Defendant Bennett restrained Jones (who was handcuffed) while Defendant Ruiz assaulted Jones and Defendant Martinez stood by, watching and calling Jones offensive names. The Court seriously hopes Defendants do not think such a despicable scenario falls within the doctrine of qualified immunity. It does not.

Of course, Jones' version of the incident may not be true, as Defendants contend.[4] However, that is not an issue this Court can resolve as a matter of law. Consequently, it is not an issue that is appropriate for summary judgment. Defendants' motion for summary judgment is therefore DENIED on this issue for these Defendants.

---

[4] Indeed, the parties' respective versions of the alleged incident differ so fundamentally that the Court is forced to conclude at least one of them is simply lying. While credibility assessments are inappropriate in the context of summary judgment, such assessments will be made at a trial on the merits. Any party or witness who lies under oath is subject to the penalties of perjury; and any lawyer or unrepresented party who suborns perjury, knowingly makes false representations to the Court, or fails to conduct a reasonable inquiry into factual matters, faces (among other things) sanctions under Federal Rule of Civil Procedure 11(c). The parties are cautioned the Court will be monitoring this issue closely during the proceedings.

c.    **Conspiracy**

The Court agrees with the Magistrate Judge's conclusion Jones has failed to provide evidence sufficient to demonstrate a genuine dispute of material fact regarding his § 1983 conspiracy claims. "In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas,* 973 F.2d 449 (5th Cir.1992).   Although the Court concludes Jones has narrowly met his summary judgment burden with respect to the first element, he has failed to do so with respect to the second.

With some misgivings, the Court concludes Jones has provided evidence sufficient to create a genuine dispute of material fact regarding the existence of a conspiracy.   The only competent evidence Jones has offered in support of this element is his own statement about the alleged assault. The Magistrate Judge properly disregarded Jones' conclusory allegations about the existence of a conspiracy; that is a legal conclusion and is not entitled to an assumption of truth.   The Court likewise disregards it.

However, the Court is bound to view the evidence in the light most favorable to Jones and indulge all inferences in his favor.   The inference most favorable to Jones in this case is that his version of events is true; by necessity, therefore, Defendants' affidavits must be false.   Further, because Defendants' assumed-false affidavits present a consistent narrative, the inference most

favorable to Jones is this did not happen by accident, but by knowing agreement between Defendants.[5]

However, Jones has failed to provide evidence sufficient to create a genuine dispute of material fact regarding a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy.  As the Magistrate Judge noted, Defendants' allegedly false affidavits have not prevented Jones' suit from proceeding.  Indeed, the effect of this Court's order today is Jones' claims relating to the subject matter of Defendants' affidavits—namely, what exactly happened to Jones in the Lieutenant's office—will be set for a jury trial.  Jones' claimed injury—Defendants' "attempt to deprive the plaintiff of his due process" by "cover[ing]-up their criminal incident"—has not materialized.  Objections [#140] at 9.

For the foregoing reasons, Jones has failed to meet his summary judgment burden with respect to the existence of a conspiracy to deprive him of his civil rights, in violation of § 1983. Accordingly, the Court adopts the recommendation of the Magistrate Judge and GRANTS Defendants' motion for summary judgment on this issue.

---

[5] The Court has misgivings about this conclusion for two reasons.  First, and most important, it requires a chain of inferences drawn in Jones' favor: the first inference that Jones' story is true, the second inference Defendants agreed to falsify their affidavits, and the third inference Defendants did so to violate Jones' civil rights.  Jones is clearly entitled to the first inference; the latter two, however, are greater departures from the evidence than the Court is entirely comfortable with.  The second reason for the Court's misgivings is that this situation—each party having a different version of events and affidavits in support of its respective version—is very common, and the Court is reluctant to turn every civil rights case into a § 1983 conspiracy.  Nor would qualified immunity likely apply in such a case, as reasonable government officials know engaging in a conspiracy to hide wrongdoing is illegal.  However, the Court's misgivings are tempered by its belief most plaintiffs will fail to establish the second element, as Jones has failed to do in this case; and by the fact a plaintiff still must meet his or her summary judgment burden by providing enough evidence for a reasonable jury to return a verdict in his or her favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

d.      **Denial of Medical Care**

Jones has failed to meet his summary judgment burden with respect to his § 1983 claim for denial of medical care.[6]   As the Magistrate Judge noted, to state a violation of the Eighth Amendment based on denial of medical attention, Jones must establish Defendants acted with deliberate indifference. R&R at 11. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) .  An official acts with deliberate indifference when the "official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Jones has failed to provide any evidence Defendants were aware denial of a physical examination posed an excessive risk to Jones' health or safety; or, indeed, that Defendants' failure to provide Jones a physical actually harmed him.  Thus, the Court adopts the recommendation of the Magistrate Judge and GRANTS Defendants' motion for summary judgment on this issue.

e.      **Disciplinary Case/Investigation of Grievance/Slander/Defamation**

The Court agrees with the Magistrate Judge's conclusion Jones has not met his summary judgment burden with respect to any of these issues.  In his response to summary judgment and in his objections, Jones makes allegations broadly condemning Texas Department of Criminal Justice ("TDCJ") hearings as unfair and farcical.  It is clear he is very frustrated with the injustices he perceives as extending through the entire TDCJ system.  However, Jones' § 1983 lawsuit against

---

[6] The Court notes Jones may not be pursuing this claim any more.  In his response to Defendants' motion for summary judgment, Jones states, "the plaintiff is not going to pursue medical deliberate indifference at this time."  Pl. Resp. at 28.  However, because Jones' filings are not entirely clear, the Court briefly addresses the claim.

these Defendants is not a vehicle for him to prosecute every complaint he has about TDCJ policy and procedure.

Likewise, even though he is proceeding pro se, Jones cannot simply write a list of purported causes of action against various Defendants and expect the Court to puzzle out their contours. With respect to these claims, Jones has neither identified a protected constitutional interest, nor has he offered evidence sufficient to demonstrate a genuine dispute of material fact relating to a violation of that interest.[7] As the Magistrate Judge noted, neither the filing of a false complaint against Jones, nor the unfavorable resolution of Jones' grievance, nor even a prison official's failure to follow rules, are themselves sufficient to establish the violation of a protected constitutional right. R&R at 15–17. And Jones' conclusory statements are insufficient to meet his basic summary judgment burden, much less defeat Defendants' qualified immunity. The Court therefore adopts the recommendation of the Magistrate Judge and GRANTS Defendants' motion for summary judgment on this issue.

**f.      Negligence**

Jones has failed to carry his summary judgment burden with respect to his negligence claim. Jones simply rephrases a formulaic mantra regarding the negligence of each Defendant. For instance, with respect to Defendant Dumaran, Jones states: "Defendant Angelica Dumaran did [sic], without proper cause failed to exercise the care expected of a reasonably prudent person in like circumstances, causing deliberate harm to the Plaintiff." Pl. Resp. at 46. Jones makes similar statements with respect to the other Defendants. Statements such as these give the Court no way to

---

[7] Further, to the extent Jones intends to bring Texas state law slander and defamation claims against Defendants for the statements contained in their affidavits, those claims are foreclosed: "Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982).

evaluate Jones' claims.  They certainly do not suffice to meet his summary judgment burden or defeat Defendants' qualified immunity.  Furthermore, to the extent Jones means to assert Defendants' negligence as a basis for a § 1983 claim based on a violation of his due process rights, his claim is foreclosed by Supreme Court precedent: "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original).  Accordingly, the Court adopts the recommendation of the Magistrate Judge and GRANTS Defendants' motion for summary judgment on this issue.

**g.      Criminal Charges**

As the Magistrate Judge noted, Jones does not have a constitutional right to have Defendants criminally prosecuted: "The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."  *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).  Nor does this Court have the power to order the criminal prosecution of Defendants.[8]  The Court therefore adopts the recommendation of the Magistrate Judge and GRANTS Defendants' motion for summary judgment on this issue.

**h.      Miscellaneous Claims**

Jones' most hotly contested issue was the Magistrate Judge's recommendation this Court grant summary judgment on Jones' miscellaneous claims.  As noted in the Magistrate Judge's report and recited above, Jones attempted to make claims for "misfeasance," "assault," "recklessness,"

---

[8] If Jones wishes to further pursue his call for criminal charges, he must take the issue up with the appropriate prosecuting agency.  However, Jones should be mindful such agencies have broad "discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek."  *United States v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999).

-14-

"terroristic threat," "emotional distress," "mental stress," "punitive damages," "prejudice," and "pain and suffering."  R&R at 18.  Jones objected, arguing many of these were claims properly brought under § 1983.  For the following reasons, the Court adopts the Magistrate Judge's recommendation and dismisses these as not being separately cognizable claims under § 1983.

Jones is correct many of these terms have some relationship to § 1983, but they are not valid separate claims:  His claim for "assault" is, liberally construed, contained within his Eighth Amendment excessive force claim; "misfeasance" and "prejudice" are general terms describing a category of acts potentially actionable under § 1983, but they do not constitute specific claims; "terroristic threat" is not a valid claim under § 1983 because verbal threats do not amount to a constitutional violation, *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); "recklessness" refers only to a culpable state of mind, not a § 1983 claim; "punitive damages" refer to a certain kind of monetary award that is sometimes available under § 1983; and "emotional distress," "mental stress," and "pain and suffering" refer to potential injuries for which a plaintiff may recover damages.  Although Jones may be correct in suggesting some of these things apply to his case, and his lack of precision in this area is understandable, these are not claims under § 1983 and must therefore be DISMISSED WITHOUT PREJUDICE.[9]

### Conclusion

There is a genuine dispute of material fact regarding Defendant Ruiz's use of excessive force, and Defendants Bennett and Martinez's failure to protect.  Therefore, summary judgment is not

---

[9] The Court's dismissal of Jones' miscellaneous "claims" does not mean he cannot seek the full range of damages for the full range of his compensable injuries.  It merely means his injuries must be proved, and his damages must be sought, in the context of his § 1983 claim against Defendant Ruiz in his individual capacity for excessive force; and in his § 1983 claims against Defendants Bennett and Martinez in their individual capacities for failure to protect.

proper with respect to Jones' § 1983 claims against these Defendants in their individual capacities on these issues; Defendants' motion is therefore DENIED in this respect.  Accordingly, the Court will set the following claims for trial: Jones' § 1983 claim against Defendant Ruiz in his individual capacity for the use of excessive force; and Jones' § 1983 claims against Defendants Bennett and Martinez in their individual capacities for failure to protect.

None of Jones' other claims survive, however.  His claims against Defendants in their official capacities are barred by their Eleventh Amendment sovereign immunity and are therefore DISMISSED WITHOUT PREJUDICE.  Similarly, Jones' "Miscellaneous Claims" above are either not cognizable claims under § 1983, or they are contained within his other claims; consequently, they are DISMISSED WITHOUT PREJUDICE to the extent they are urged as separate claims.  Finally, the Court GRANTS Defendants' motion for summary judgment on all of Jones' remaining claims.

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment [#126] is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that all of Jones' claims against Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that all of Jones' "Miscellaneous Claims" are DISMISSED WITHOUT PREJUDICE;

It is FURTHER ORDERED that Defendants' Motion for Summary Judgment is DENIED with respect to Jones' § 1983 claim against Defendant Ruiz in his individual capacity for the use of excessive force; and Jones' § 1983 claims against Defendants Bennett and Martinez in their individual capacities for failure to protect;

IT IS FINALLY ORDERED that Defendants' Motion for Summary Judgment is

GRANTED with respect to all other remaining claims.

SIGNED this the 18th day of January 2011.

SAM SPARKS
UNITED STATES DISTRICT JUDGE